## CIRCUIT COURT OF FAIRFAX COUNTY

McLean Crest, L.L.C., et al.

v.

Wickwire Gavin, P.C., et al.

September 29, 2005

Case No. (Law) 226474

BY JUDGE ROBERT W. WOOLDRIDGE

This matter came before me on Defendants' Plea in Bar to the Amended Motion for Judgment. Upon the hearing of evidence and arguments of counsel, I took the Plea in Bar under advisement.

In their Amended Motion for Judgment, Plaintiffs assert claims of legal malpractice in Counts I and II and fraud in the inducement in Counts III and IV. The causes of action arise out of legal services performed by the Defendants for the Plaintiffs, beginning in 1998. Defendants' Plea in Bar alleges that all claims are barred by the statute of limitations. As the moving parties, Defendants bear the burden of proving by a preponderance of the evidence that the Plaintiffs' causes of action are time-barred.

Based on the evidence presented, I find as a matter of fact and law that the contract between the Plaintiffs and the Defendants was an oral contract not a written contract. Hence, the statute of limitations governing the claims in Counts I and II is three years.

As a matter of fact and law, I further find that the provision of services by the Defendants in relation to the McLean Crest project was a distinct undertaking. Although the Plaintiffs consulted the Defendants about general

financial problems, the Defendants provided professional services on a variety of distinct matters, one of which was the McLean Crest project. Defendants' advice, counsel, and conduct in relation to that matter, while serving to improve Plaintiffs' general financial health, are separable from its work for Plaintiffs on other concerns.

Plaintiffs allege that Defendants negligently advised Plaintiffs and negligently prepared certain documents in relation to the purchase by Plaintiff Williams of the interest of certain third parties in McLean Crest. I find that, assuming such negligence by the Defendants, the Plaintiffs' injuries occurred at the time the advice was given and the documents were prepared. I reject Plaintiffs' contention that their right of action and accrual of damages did not occur until a later date. I find that Plaintiffs' cause of action and right of action both arose at the time any advice was negligently given and any contract documents were negligently prepared.

Counts I and II were originally filed by Plaintiffs on January 29, 2003, in an earlier action that was nonsuited. To prevail on their Plea in Bar as to those counts, Defendants must prove that Plaintiffs' cause of action for legal malpractice arose on or before January 29, 2000. Counts III and IV were first brought when the original Motion for Judgment was filed on October 18, 2004; they were not brought in the earlier action. A two-year statute of limitations applies from the time Plaintiffs discovered or reasonably should have discovered the fraud. To prevail on their Plea in Bar, Defendants must prove that Plaintiffs discovered or reasonably should have discovered the alleged fraud on or before October 18, 2002.

Evidence was offered by all parties as to when Defendants' provision of legal services on the McLean Crest project ended, and, hence, when the statute of limitations began to run. "When malpractice is claimed to have occurred during the representation of a client by an attorney with respect to a particular undertaking or transaction, the breach of contract or duty occurs and the statute of limitations begins to run when the attorney's services rendered in connection with that particular undertaking or transaction have terminated." *Keller v. Denny*, 232 Va. 512, 518, 352 S.E.2d 327 (1987). Also see, *Shipman v. Kruck*, 267 Va. 495, 504, 593 S.E.2d 319 (2004).

I find that Defendants' provision of services on the McLean Crest transaction ended in March 1999. The sale, about which Defendants provided advice and for which Defendants prepared documents, closed in January 1999. Closing binders were prepared by the Defendants in March 1999. Effectively, no

further professional services in relation to the McLean Crest transaction were rendered to Plaintiffs by Defendants after that date. Defendants did provide professional services to Plaintiffs on other matters after March 1999, but those matters were distinct from the McLean Crest work. Although Defendants and Plaintiffs spoke thereafter on occasion about McLean Crest and Defendant billed Plaintiffs for those conversations under the McLean Crest billing number, those conversations did not involve providing additional or continuing legal services in relation to that transaction. They may have involved inquiries about the status of payment of legal fees or the general status of the matter, but they did not constitute the provision of legal services in connection with it. Similarly, that Defendant Salus was named escrow agent, registered agent, or notice recipient under the contract documents did not constitute continuing legal representation so as to postpone the commencement of the running of the statute of limitations.

For the above reasons, I grant Defendants' Plea in Bar as to Counts I and II and dismiss those counts. I deny Defendants' Plea in Bar as to Counts III and IV because I find the evidence before me insufficient to determine that Plaintiffs knew or reasonably should have known before October 18, 2002, of alleged fraud by the Plaintiffs.

Defendants shall have fourteen days from the new order to file responsive pleadings to Counts III and IV.